**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EDNA REBECCA CARMONA ALVARADO, | \| |
| | \| C.A. No.: |
| Plaintiff, | \| **TRIAL BY JURY DEMANDED** |
| | \| |
| v. | \| **COMPLAINT** |
| | \| |
| OCEANFRONT FISH HOUSE, LLC, d/b/a 99 Sea Level Restaurant, a Delaware limited liability company, | \| |
| | \| |
| Defendant. | \| |

1. Plaintiff Edna Rebecca Carmona Alvarado is a resident of the State of Delaware residing at 19 Squire Circle, Dover, Delaware 19901.

2. Defendant Oceanfront Fish House, LLC, d/b/a 99 Sea Level Restaurant is a Delaware limited liability company whose registered agent for service of process is Oceanfront Fish House, 2009 Highway One, Dewey Beach, Delaware 19971.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII) and the Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 710, *et seq.*

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

5. Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as acts alleged as the bases for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and under the Delaware Discrimination in Employment Act, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex.

7. Plaintiff timely submitted a complaint of discrimination and retaliation on the basis of sex to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the DDOL and the EEOC.

9. Plaintiff has timely filed this complaint within ninety (90) days of her receipt of the pertinent aforementioned Notice of Right to Sue.

10. Plaintiff is female.

11. Plaintiff was most recently employed by the Defendant as a line cook at its 99 Sea Level Restaurant, Bethany Beach, Delaware.

12. At all times herein, Defendant was contracted with Ocean Suites Hotel to prepare breakfast for Ocean Suites guests. Defendant was permitted to utilize the kitchen at the Ocean Suites Hotel in Bethany Beach to prepare the breakfast meals.

2

13. Although Plaintiff worked in the kitchen of the Ocean Suites Hotel site where Plaintiff was assigned to prepare breakfast for hotel guests, Plaintiff was only employed by the Defendant.

14. Plaintiff began her employment with Defendant on or about May 1, 2018, and was continuously employed until she was unlawfully terminated on or about April 22, 2022.

15. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

16. At all times relevant to this Complaint, Plaintiff had to endure sexual harassment from Defendant's employee Victor C. Marquez Gutierrez ("Gutierrez").

17. Gutierrez's acts of sexual harassment of Plaintiff included asking to date her when he knew she was married and after being told Plaintiff was not interested; placing his hands on Plaintiff's buttocks; pulling at Plaintiff's pants; and placing Plaintiff's hand on his genital area while telling Plaintiff this is what she was missing.

18. Gutierrez would often pull Plaintiff's hair which was up in a bun and would tell Plaintiff that this is how he would pull her to have sex with her.

19. Gutierrez would often send Plaintiff pornographic photographs via text.

20. Gutierrez would leave Plaintiff messages of a sexual nature in Defendant's kitchen where Plaintiff was employed.

21. Gutierrez would show Plaintiff and her co-workers videos on his phone of him having sexual relations with other women.

22. At all times relevant to this Complaint, Gutierrez was employed as a Sous Chef directly under the supervision of Defendant's employee Paul Hajewski ("Chef Hajewski") who was employed as a Chef in Defendant's 99 Sea Level Restaurant.

23. On or about April 5, 2022, Plaintiff reported sexual harassment to her Manager, Jodi Burkett ("Burkett") of the Ocean Suites Hotel where Plaintiff was assigned by Defendant to prepare breakfast for hotel guests.

24. Plaintiff informed Burkett that she intended to resign from her position as she was unable to continue working at 99 Sea Level Restaurant given the extreme sexual harassment she suffered from Gutierrez.

25. Burkett asked Plaintiff not to resign and that she would report the matter to the restaurant owner.

26. A meeting was held on or about April 8, 2022, between Plaintiff and restaurant owners Dicky Heidenberger ("Heidenberger"), James Weisgerber and Annalise Ridgeway, Burkett's assistant.

27. Plaintiff was assured that Gutierrez's conduct would be addressed.

28. Plaintiff was informed by James Weisgerber that if she felt uncomfortable working at the same restaurant as Victor C. Marquez Gutierrez, she was welcome to work at any of the other restaurants owned by Defendants.

4

29. Plaintiff informed Mr. Weisgerber that she wanted to remain at the 99 Sea Level Restaurant.

30. Before this meeting ended, Chef Hajewski joined the meeting and was informed of the sexual harassment of Plaintiff.

31. Chef Hajewski stated that he was aware of Plaintiff's claims of sexual harassment by Gutierrez.

32. When Plaintiff arrived to work on April 22, 2022, Chef Hajewski asked her to come into the office because Heidenberger wanted to speak to her.

33. Heidenberger then instructed Plaintiff to leave the restaurant.

34. When Plaintiff asked Mr. Heidenberger why she had to leave the restaurant, she was informed there was no longer any work for her at the restaurant.

35. When Plaintiff asked about being paid for the hours she had already worked, Heidenberger informed her that she was welcome to work at one of Defendants' other restaurants, Bethany Blues or Mango, but she would not be permitted to continue to work at her current job location.

36. Following this meeting, Plaintiff was informed that Gutierrez's conduct would be addressed.

37. Plaintiff was invited to meet with Chef Israel at Bethany Blues for a work schedule at that restaurant.

38. Plaintiff was offered a position at Defendant's Bethany Blues Restaurant starting May 6, 2022.

39. Plaintiff declined the proposed transfer because she feared Gutierrez might be reassigned to the restaurant where she was relocated, as most of Defendant's restaurants are located in close proximity of one another.

40. Plaintiff was constructively discharged by Defendant on or about April 22, 2022.

41. During the period of her employment, Plaintiff was subjected to differential treatment on the basis of her sex and was sexually harassed by agents of the Defendant, including but not limited to retaliation based on Gutierrez's sexual harassment of her and her complaints to management about his harassing conduct.

42. Defendant's claim that there was no work at Plaintiff's place of employment was pretextual and intended to mask the true reasons for the Defendant's actions, i.e., discrimination and retaliation against the Plaintiff on the basis of her sex and her complaints of sexual harassment in violation of Title VII.

43. The pretextual nature of Plaintiff's termination is evidenced by Defendant's refusal to discipline Gutierrez in response to Plaintiff's complaints, although Defendant later terminated Gutierrez because of his sexual harassment of another employee.

44. Defendant is liable for the actions of its agents as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

45. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I – TITLE VII

46. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 45 hereinabove.

47. By committing the aforementioned acts, including Plaintiff's subsequent constructive discharge, Defendant has discriminated against Plaintiff on the basis of her sex and created a hostile work environment towards women in violation of 42 U.S.C. §2000e *et seq.*

48. By committing the aforementioned acts, including Plaintiff's subsequent constructive discharge, Defendant has retaliated against Plaintiff on the basis of her sex in violation of 42 U.S.C. § 2000e *et seq.*

49. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

## **COUNT II – DDEA**

50. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 49 hereinabove.

51. By committing the aforementioned acts, including Plaintiff's constructive discharge, Defendant has discriminated against Plaintiff on the basis of her sex and created a hostile work environment towards women in violation of 19 *Del. C.* § 710, *et seq*.

52. By committing the aforementioned acts, including Plaintiff's subsequent constructive discharge, Defendant has retaliated against Plaintiff on the basis of her sex in violation of 19 *Del. C.* § 710, *et seq*.

53. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a)      back pay, including interest;

b)      reinstatement, if feasible, or in the alternative, front pay;

c)      compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d)      punitive damages;

e)      pre-judgment and post-judgment interest;

f)      attorney's fees; and

g)      any other relief that this Court deems just.

[signature block follows]

9

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____

William D. Fletcher, Jr., Esquire
Bar I.D. # 362
Gary E. Junge, Esquire
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff
wfletcher@schmittrod.com
gjunge@schmittrod.com

Dated:  July 19, 2023